IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEORGE SHEPARD,<br><br>Plaintiff,<br><br>V.<br><br>DEPARTMENT OF CORRECTIONS, STATE OF NEBRASKA, and JANE AND JOHN DOE, in their official capacities,<br><br>Defendants. | 4:16CV3044<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, who currently resides in the Norfolk Regional Center, filed his Complaint on March 25, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on July 11, 1990, he was sentenced to a term of 41 to 50 years in prison, and was given 216 days credit for time served. Plaintiff claims that his release date was miscalculated, which resulted in him being confined 84 days past his mandatory release date. The pleadings show that Plaintiff filed a grievance with prison officials on February 17, 2015, complaining that he was being held illegally and arguing that he should have been released from custody on February 9, 2015. (Filing No. 1 at CM/ECF p. 18.) He received a response to his grievance on March 2, 2015, which stated that the prison's records administrator had reviewed his sentence and had determined his release date was calculated properly. (*Id*.) Plaintiff was released from prison on May 4, 2015. (Filing No. 1 at CM/ECF p. 20.) Plaintiff seeks

an award of $420,000.00.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff maintains that his Eighth and Fourteenth Amendment rights were violated when Defendants miscalculated his mandatory release date from prison, which resulted in him being unlawfully confined for 84 days.

Plaintiff names the State of Nebraska, Department of Corrections, as well as Jane and John Doe (presumably state employees), as defendants. Plaintiff's Complaint states that Jane and John Doe are sued in their official capacities. (Filing No. 1 at CM/ECF p. 1.)

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued the State of Nebraska and state employees seeking monetary relief. Plaintiff's claims against the state are barred by the Eleventh Amendment. Likewise, Plaintiff's claims against state employees in their official capacities are barred by the Eleventh Amendment. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS ORDERED:

1. Plaintiff shall file an amended complaint by June 13, 2016, that states a

claim upon which relief may be granted against Defendants.  Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: June 13, 2016, check for amended complaint.

DATED this 13th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge