IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3044 |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, STATE OF NEBRASKA, and JANE AND JOHN DOE, in their official capacities, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Upon initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the court found that Plaintiff had failed to state a cause of action. (Filing No. 6.) Plaintiff subsequently filed an amended complaint. (Filing No. 7.) Upon review, the court finds that Plaintiff has still failed to assert cognizable claims. Therefore, this action will be dismissed.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges that on July 11, 1990, he was sentenced to a term of 41 to 50 years in prison, and was given 216 days credit for time served. Plaintiff claims that his release date was miscalculated, which resulted in him being confined 84 days past his mandatory release date. Plaintiff maintains that he filed a grievance with prison officials complaining that he was being held illegally and arguing that he should have been released from custody on February 9, 2015. He received a response to his grievance which stated his release date was calculated properly. Plaintiff was released from prison on May 4, 2015. Plaintiff seeks an award of $420,000.00.

## II. DISCUSSION OF CLAIMS

Plaintiff maintains that his constitutional rights were violated when Defendants miscalculated his mandatory release date from prison, which resulted in him being unlawfully confined for 84 days. Plaintiff names the State of Nebraska, Department of Corrections, as well as several prison officials as defendants. The prison officials are sued in their official and individual capacities.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued the State of Nebraska and state officials seeking monetary relief. Plaintiff's claims against the state are barred by the Eleventh Amendment. Likewise, Plaintiff's claims against state employees in their official capacities are barred by the Eleventh Amendment.

Plaintiff has also failed to sufficiently allege claims against the prison officials in their individual capacities. Other than Defendants Kenney, Baum, and Popper, Plaintiff's Amended Complaint does not mention the prison-official defendants. With regard to Baum and Popper, Plaintiff only alleges that his grievance was sent to them as records administrators. As for Kenney, Plaintiff only asserts that he obtained an administrative regulation that states "all months are calculated as 30 days" and that

the regulation contains Kenney's name. (Filing No. 7 at CM/ECF p. 3.) These allegations are insufficient to state a claim.

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Plaintiff has not mentioned multiple prison-official defendants in his Amended Complaint. Moreover, Plaintiff has not alleged that Baum or Popper personally participated or were responsible for the miscalculation, nor has he alleged that Kenney was involved in calculating Plaintiff's sentence or aware that Plaintiff's sentence was miscalculated. Therefore, Plaintiff's claims must be dismissed.

IT IS ORDERED that this action is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 7th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge